IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy Edward Eason, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ON MOTION TO VACATE,** |
| | ) | **SET ASIDE, OR CORRECT SENTENCE** |
| v. | ) | |
| | ) | Case No. 3:24-cv-145 |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cr-33 |
| | ) | |
| Timothy Edward Eason, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Timothy Edward Eason moves to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 222. The United States opposes the motion. Doc. 232. After careful review, the motion is denied in part and an evidentiary hearing is ordered on one remaining issue.

**I.    BACKGROUND**

On February 16, 2022, Eason was charged by indictment with (1) conspiracy to possess with intent to distribute and distribute controlled substances and (2) money laundering conspiracy to promote specified unlawful activity. Doc. 1. Rhi Gorham initially represented Eason in this case. Doc. 14. After Eason filed a motion for new counsel (Doc. 82), Stormy Vickers was appointed as Eason's counsel. Doc. 92.

Eason subsequently entered into a plea agreement to plead guilty to both counts. Doc. 107. A change of plea hearing was held on November 23, 2022. At the hearing, the Court accepted

Eason's guilty pleas. Doc. 117. Eason then filed another motion for new counsel and to withdraw his guilty pleas. Doc. 133; Doc. 148. The Court denied the motion to withdraw his pleas but granted the motion for new counsel. Doc. 149; Doc. 151. Brian Toay was appointed as Eason's new counsel. Doc. 157.

Sentencing was held on August 10, 2023. The presentence investigation report calculated Eason's total offense level to be 33, and his criminal history a category VI. Doc. 193 at 10, 26. His sentencing guideline range was 235 to 293 months. Id. at 33. He was sentenced to 204 months of incarceration, followed by five years of supervised release. Doc. 207. Eason did not appeal. On February 5, 2024, Eason again moved to withdraw his guilty plea. Doc. 212. The Court denied his motion. Doc. 213. Eason then filed this § 2255 motion on July 26, 2024, alleging ineffective assistance of counsel and other claims related to his convictions in Case No. 3:23-cr-33. Doc. 222.

## II.   LEGAL STANDARD

A motion under 28 U.S.C. § 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)).

A § 2255 motion may be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Tinajero-Ortiz v. United States, 635 F.3d 1100, 1105 (8th Cir. 2011). "The movant bears the burden to prove each ground entitling relief." Golinveaux v. United States,

915 F.3d 564, 567 (8th Cir. 2019) (citation omitted). Whether to grant or deny an evidentiary hearing is within the district court's discretion. See id.

## III.    DISCUSSION

Eason raises several issues in his petition: (1) he did not understand the plea agreement, (2) a role enhancement in the offense level should not have applied, and (3) various claims of ineffective assistance of counsel.

### A.    Understanding the Plea Agreement

Eason alleges his pleas were not knowing and voluntary because he pled guilty "without a complete understanding of the plea agreement." Doc. 222 at 1. Specifically, Eason claims he did not understand he was signing a plea agreement containing firearm and role guideline enhancements. Doc. 222 at 2, 8. A guilty plea "must be both knowing and voluntary" to be constitutionally valid. Parke v. Raley, 506 U.S. 20, 28 (1992). The plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Id. at 29. This is because "a guilty plea constitutes a waiver of constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." Id.

Eason's argument that his guilty pleas were not knowing and voluntary fails. His statements (while under oath) at his change of plea hearing contradict his argument. A defendant's statements at a plea hearing carry a strong presumption of truthfulness. United States v. Green, 521 F.3d 929, 931 (8th Cir. 2008); United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005). "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017). At his change of plea hearing, Eason was placed under oath. Doc. 166 at 3-4. He represented that the plea agreement he signed reflected his full understanding of the agreement (Id. at 13) and that no

3

promises had been made in exchange for his guilty pleas. Id. at 13-14. The parties agreed there was an increase of two guideline levels for possession of a firearm. Id. at 10-11. The Court confirmed with Eason that he knew of the role enhancement and that it would be argued at sentencing. Id. at 11. Eason verified that he read the entire plea agreement and reviewed it with Vickers. Id. at 13. Finally, when the Court asked whether Eason had questions about the plea agreement's terms, Eason said he did not. Id. at 13. Moreover, a September 19, 2022, letter from Vickers to Eason—well before the change of plea hearing—clearly communicates that the plea agreement included an offense level increase for role and possession of a firearm. Doc. 232-2.

While Eason now claims he did not understand the plea agreement, the record decisively refutes his claim. Eason was fully aware of the firearm and role enhancements. He represented to the Court that he had not been promised anything in return for his guilty pleas. His statements made under oath at the change of plea hearing and the evidence on record carry far more weight than Eason's current suggestion that he did not understand the agreement. The record directly refutes his claim, and Eason is not entitled to relief on this issue.

**B.    Guideline Range Calculation**

Eason's objection to the role enhancement in his offense level could also be a challenge to his sentencing guideline range. However, arguments concerning guidelines calculations do not rise to the level of miscarriage of justice, the standard necessary to receive post-conviction relief. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Alleged errors regarding guidelines calculations "may not be re-litigated under § 2255." United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000). Eason has not explained why his guideline calculation is an exception to this rule. Further, Eason was sentenced to 204 months of imprisonment. Doc. 207. This is well below the guideline range of 235-293 months for an offense level of 33 and criminal history category of VI.

Doc. 193. If the +2 role enhancement had been excluded, Eason's offense level would have been 31. The guideline range for an offense level of 31 with a criminal history category of VI is 188-235 months. U.S.S.G. Manual § 5A (2024). Effectively, by receiving a sentence of 204 months, Eason received a sentence within the guideline range that he would have faced had the role enhancement not been included at all. As a result, this claim also fails.

C.   **Ineffective Assistance of Counsel**

The next four claims pertain to allegations of ineffective assistance of counsel. To obtain relief for ineffective assistance of counsel, a petitioner must satisfy the two-prong test in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. Meza-Lopez v. United States, 929 F.3d 1041, 1044 (8th Cir. 2019) (citing Strickland, 466 U.S. at 687-88). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Courts view the representation from counsel's perspective at the time of the alleged error to avoid effects of hindsight and second-guessing. Kemp v. Kelley, 924 F.3d 489, 500 (8th Cir. 2019) (citing Strickland, 466 U.S. at 489). A petitioner must overcome a strong presumption that defense counsel provided "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690; see also Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018). Strategic decisions made after a thorough investigation of the law and facts are virtually unchallengeable. United States v. Orr, 636 F.3d 944, 950 (8th Cir. 2011).

Second, a petitioner must demonstrate that prejudice resulted from the deficient representation. Strickland, 466 U.S. at 687. To do so, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Adejumo v. United States, 908 F.3d 357, 361 (8th Cir. 2018) (quoting Strickland, 466 U.S. at 694). Reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland, 466 U.S. at 694). When evaluating the probability of a different result, courts view the totality of the evidence to gauge the effect of the error. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (citing Strickland, 466 U.S. at 495). Where a petitioner raises multiple ineffective assistance of counsel claims, each must be examined independently. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002) (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)). Cumulative error will not justify habeas relief. Middleton v. Roper, 455 F.3d 838, 851 (8th Cir. 2006).

Eason identifies four errors purportedly committed by counsel: (1) Vickers failed to challenge the search of Eason's hotel room and his person; (2) Vickers allowed Eason to plead guilty without understanding the plea agreement; (3) Toay failed to litigate withdrawal of the plea agreement; and (4) Toay failed to file a requested appeal.

### 1. Law Enforcement Searches

Eason claims Vickers was ineffective because he did not challenge the alleged Fourth Amendment violations. Doc. 222 at 4-5. The United States responds that Eason's argument is contradicted by the record and that Vickers' performance was reasonable. Doc. 232 at 3. The Court agrees.

Vickers' affidavit and letter to Eason detail various reasons for not challenging the searches. Doc. 232-1; Doc. 232-2. First, Vickers indicated the search warrant was valid despite a

6

name error in the supporting affidavit. Doc. 232-2 at 2. He advised that the likely result of a Franks hearing was that the Court would have simply corrected the name. Id. Second, Vickers noted that even if the physical evidence found on Eason was suppressed, statements of individuals tying Eason to the conspiracy would not have been suppressed, making the issue "a victory without meaning." Doc. 232-1 at 3. While Vickers acknowledged law enforcement's possible illegal entry into the room, the valid counterargument was that it was an exigent circumstance to prevent destruction of evidence. Doc. 232-2 at 2. Finally, Vickers described the possible outcomes if Eason moved to suppress: (1) Eason would have potentially lost the plea offer if the Court ruled against him; (2) the Court could have limited the suppression to the physical evidence, which would still have allowed the statements tying Eason to the conspiracy to be let in; and (3) the Court could have ruled that the statements tying Eason to the conspiracy were not suppressible, were inevitable discovery, or admissible for some other reason. Id. at 2-3.

Vickers cited Segura v. United States and mentioned other cases that counseled against Eason's suppression argument. Id.; Segura v. United States, 468 U.S. 796 (1984). He explained that "[t]he case law in this area is not entirely clean" and noted the substantial "gamble" of engaging in a suppression argument and possibly losing the plea deal. Doc. 232-2 at 3. Strategic decisions such as these, clearly made after a thorough investigation of the facts and law, are "virtually unchallengeable." Orr, 636 F.3d at 950. Eason has not overcome the strong presumption that Vickers provided adequate assistance and exercised reasonable professional judgment.

Even assuming that Vickers' performance was deficient (which the Court highly doubts), Eason failed to present evidence that he was prejudiced. To the contrary, as emphasized by Vickers in his letter to Eason (Doc. 232-2), even if Vickers moved to suppress, it was likely that the motion would fail, resulting in loss of the plea offer. Further, Eason's allegation lacks detail as to how a

7

successful motion to suppress would have changed the ultimate outcome in this case. Accordingly, there can be no prejudice as there is not a reasonable probability that the result of the proceedings would have been different.

The Court finds that this ground is without merit, contradicted by the record, and provides no basis for relief. Additionally, given the strong presumption that Vickers' performance was reasonable and based on sound strategy, Eason's claim fails to satisfy the Strickland test.

### 2.     Understanding the Plea Agreement

Eason's challenge to the voluntariness of his pleas can also be construed as a claim for ineffective assistance of counsel against Vickers. Even if Vickers advised him deficiently regarding his plea agreement (which this Court doubts due to the discussions and evidence on the record), this error was rectified by the Court's discussion with Eason regarding the firearm and role enhancements, and Eason suffered no prejudice. Cf. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (noting that regardless of what trial counsel advised concerning the consequences of pleading guilty, the record demonstrated that the trial judge clearly explained the implications to the defendant at the plea proceeding). As a result, even if Vickers did advise Eason deficiently regarding the plea agreement, any claim for ineffective assistance of counsel related to advice regarding the plea agreement fails for lack of prejudice.

### 3.     Withdrawal of the Plea Agreement

Eason also appears to argue that Toay was ineffective because he did not attempt to withdraw Eason's guilty plea or litigate the firearm and role enhancements prior to sentencing. Doc. 222 at 6-8. The United States responds that Toay's decision was reasonable. Doc. 232 at 4. The Court agrees.

Toay's sworn affidavit discusses Eason's complaints about Vickers' representation and how Eason wanted to withdraw his plea. Doc. 232-4 at 1-2. Toay, after reviewing transcripts from both plea hearings and the written plea agreement, concluded there was "no legitimate basis" to withdraw the plea. Id. at 2. In his view, the Court "thoroughly questioned" Eason about his desire to plead guilty under the plea agreement. Id. Further, the Court ensured that Eason knew about the role enhancement arguments that would occur at sentencing. Id. Finally, Toay mentioned how the Court—on multiple occasions—informed Eason that he could not withdraw his plea once made. Id. Eason stated that he was aware of the facts, his rights, the terms of the plea agreement, and wished to plead guilty. Id.

Eason subsequently shifted his focus to obtaining a joint sentencing recommendation. Id. He agreed to proceed under the plea agreement with a 204-month joint recommendation. Id. But before sentencing Eason changed course and wanted to fight the role enhancement. Id. Toay noted the "huge risk" of arguing the role enhancement because the 204-month recommendation was favorable compared to the 292 months the United States would seek otherwise. Id. at 3. After several discussions, Eason agreed to the 204-month recommendation and waived his right to contest the role enhancement. Id. Based on the record, it is clear that Eason has not overcome the strong presumption that Toay provided adequate assistance and made all significant decisions in the exercise of professional judgment. Strickland, 466 U.S. at 690.

Even assuming Toay's performance was deficient, Eason failed to present evidence of prejudice. Eason must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Contrarily, as highlighted by Toay in his affidavit (Doc. 232-4), even if he moved to withdraw Eason's plea, it was highly likely that the motion would fail, resulting in loss of the joint

9

recommendation. Eason has not presented information that leads the Court to believe the outcome would have been different if Toay attempted to withdraw the plea. As a result, the claim fails for lack of prejudice and can be summarily dismissed.

### 4. Notice of Appeal

Eason asserts that Toay failed to file a requested notice of appeal. If so, that would constitute deficient performance because "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). When counsel fails to file a notice of appeal as directed, "prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error." Watson v. United States, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing Flores-Ortega, 528 U.S. at 483-84). Likelihood of success on appeal is irrelevant to the prejudice inquiry. Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000).

Toay's affidavit refutes Eason's claims regarding a request to appeal. Doc 232-4 at 3. But Eason offers specific factual allegations, which the Court must accept as true at this juncture. The affidavit is therefore insufficient to stave off a factual dispute. See Witthar v. United States, 793 F.3d 920, 923 (8th Cir. 2015).

### D. Evidentiary Hearing

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). So, no hearing is necessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently

incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003).

After review of Eason's claims, the record decisively refutes most of the claims presented, or the allegations, even accepted as true, would not entitle him to relief. Dismissal without a hearing on these claims is warranted because no relevant factual dispute exists. See Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015). But on the issue of whether Toay failed to file a requested notice of appeal, a relevant factual dispute exists, and an evidentiary hearing is required.

### IV.    CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant case law. Except for the one issue identified above, Eason's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 222) is **DENIED**. The issue of whether Toay failed to file a notice of appeal requires an evidentiary hearing. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Clerk of Court is directed to secure counsel for Eason to represent him during these proceedings. The United States Marshals Service is directed to transport Eason to Fargo, North Dakota, to consult with his attorney and prepare for the hearing. The Court will communicate with the parties to schedule the hearing in the coming days.

The United States' motion for hearing (Doc. 233) is **GRANTED**. Finally, Eason's motion to unseal documents (Doc. 241) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2025.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court